IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  09-cv-01437-RPM-LTM

HOME DESIGN SERVICES, INC.,

       Plaintiff,

v.

SCHROEDER CONSTRUCTION and
JAMES E. SCHROEDER, and
MARK FENN

       Defendants.

---

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Home Design Services, Inc. ("the Plaintiff") is a residential design firm engaged in the

business of designing custom homes.  The Plaintiff alleges that it is the creator and owner of

architectural drawings of a single family dwelling, identified as HDS-2352-2 ("the Work").

The Plaintiff filed this copyright infringement action in June 2009, claiming that the Defendants

infringed upon the Work by designing, advertising, constructing and participating in the

construction of one or more residences in Colorado, which were copied from the Plaintiff's

copyrighted Work.  An Amended Complaint was filed on January 13, 2010.

The Defendants moved for summary judgment, arguing that the Work is not entitled to

copyright protection.  That argument is based on the Defendants' contention that the Work was

published before December 1, 1990, the effective date of the Architectural Works Copyright

Protection Act ("AWCPA").  The Defendants submitted deposition testimony of James Zirkel

and Russell Kingman, who were involved in the creating the plans.  They said that the plans

were completed on November 6, 1990.  (Defs.' Exs. 1, 2 & 3.)  The Defendants also submitted

evidence showing that a home builder constructed a model home based on the plans in time for a

Parade of Homes event held in Orlando, Florida in March 1991.  (Defs.' Ex. 5 & 6).   The

Defendants argue that such activity constituted publication of the Work, rendering it ineligible

for copyright protection under the AWCPA.  The Defendants also submitted the first Certificate

of Registration issued by the Copyright Office (Defs.' Ex. 4), which identified November 6,

1990 as the first publication date.  The Defendants acknowledge, however, that this date was

revised by supplementary Certificates of Registration.  (Defs.' Ex. 7 & 8.)

The Defendants' motion fails.  A person creating an architectural work depicted in plans

or drawings has two types of copyrights, one in the plans or drawings (17 U.S.C. § 102(a)(5)),

and another in the building as an architectural work (17 U.S.C. § 102(a)(8)).  *See T-Peg, Inc. v.*

*Vermont Timber Works, Inc.*, 459 F.3d 97, 109-10 (1st Cir. 2006); *Guillot-Voght Assocs. v. Holly*

*& Smith*, 848 F.Supp. 682, 686-87 (E.D. La. 1994).  The enactment of the AWCPA was not

intended to affect the scope of copyright protection afforded to architectural works registered as

technical drawings.  *Guillot-Vogt Assoc.,* 848 F.Supp. at 686-87 (quoting H.R.Rep. No. 101-735,

101st Cong., 2d Sess. 19 (1990), reprinted in 1990 U.S.C.C.A.N. 6935, 6950).

The Plaintiff claims copyright protection in the Work as a technical drawing and as an

architectural work.  The record includes Certificates for Registration for both types of

authorship.  (*See* Ex. 2 to Am. Compl.)  The Defendants' motion addresses only the Plaintiff's

claim of copyright in the architectural work.  The Defendants have not shown or attempted to

show that the Plaintiff lacks a valid copyright in the technical drawings.

37 C.F.R § 202.11 prescribes rules pertaining to copyright registration of architectural works. Those rules exclude from registration "[t]he designs of buildings where the plans or drawings of the building were published before December 1, 1990, or the buildings were constructed or otherwise published before December 1, 1990." *Id.* § 202.11(d)(3)(i). The rules provide that "[p]ublication of an architectural work occurs when underlying plans or drawings of the building or other copies of the building design are distributed or made available to the general public by sale or other transfer of ownership, or by rental, lease, or lending. Construction of a building does not itself constitute publication for purposes of registration, unless multiple copies are constructed. " *Id.* § 202.11(c)(5).

The evidence submitted by the Defendants is not sufficient to establish conclusively that the plans or drawings of the building were published before December 1, 1990, or that the model home was constructed before that date. The dates of those events are matters of factual dispute, which cannot be determined on a motion for summary judgment.

Accordingly, it is

ORDERED that the Defendants' motion for summary judgment is denied.

Dated: April 29, 2010

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge