**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-01437-WJM-GJR

HOME DESIGN SERVICES, INC.,

      Plaintiff,

v.

SCHROEDER CONSTRUCTION,
JAMES E. SCHROEDER, and
MARK FENN,

      Defendants.

---

**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

The matter is before the Court on Plaintiff Home Design Services, Inc.'s Motion for Partial Summary Judgment on Plaintiff's claims for attorney's fees and statutory damages (ECF No. 112) (the "Motion").  The Motion seeks summary judgment on the following issues: (1) whether Plaintiff owns a valid copyright; and (2) most of Defendants' affirmative defenses.  (ECF No. 112 at 19.)  For the reasons set forth below, Plaintiff's Motion is denied.[1]

## I.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material

---

[1]  The Court notes that Defendant Mark Fenn did not respond to Plaintiff's Motion for Partial Summary Judgment.  Plaintiff asserts that, based on this failure, the Court should grant summary judgment in its favor on all of Fenn's defenses.  (ECF No. 128 at 1 n.1.)  However, Penn asserts many of the same defenses raised by the Schroeder Defendants and the Court's analysis of these defenses does not hinge on any fact particular to the Schroeder Defendants.  Accordingly, the Court finds that its analysis applies to both the Schroeder Defendants and Mark Fenn and will refer to these parties collectively as "Defendants."

fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem

Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute

as to a material fact depends upon whether the evidence presents a sufficient

disagreement to require submission to a jury or conversely, is so one-sided that one

party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49

(1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal

Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual

dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a

reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248.

The Court must resolve factual ambiguities against the moving party, thus favoring the

right to a trial.  *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522,

1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir.

1987).

## II.  ANALYSIS

In this copyright infringement case, Plaintiff alleges that Defendants unlawfully

used and copied a trademarked home design and architectural plan registered as HDS-

2352-2 ("2352-2").  (ECF No. 141 at 2.)  In the instant Motion, Plaintiff moves for

summary judgment on the issue of whether it owns a valid copyright in 2352-2.  (ECF

No. 112 at 7.)  It also moves for summary judgment on many of the affirmative

defenses asserted by Defendants in their Answer.  (*Id*. at 7-10; ECF No. 112-1 at 1-20.)

The Court will address each of these issues in turn below.

**A.      Ownership of the Copyright**

To prevail on its copyright infringement claim, Plaintiff must satisfy two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ's, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The Plaintiff bears the burden of proof on both elements. *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005).

In the instant Motion, Plaintiff moves for summary judgment on only the first element of its claim—that it owns a valid copyright.  Plaintiff does not seek summary judgment on its copyright infringement claim as a whole.  It is well-settled that Rule 56 permits a party to seek summary judgment only as to an entire claim; a party may not seek summary judgment on a portion of a claim.  *Carbajal v. Lincoln Benefit Life Co.*, 2007 WL 2221147, *3 (D. Colo. July 31, 2007); *see also Wichita v. U.S. Gypsum Co.*, 828 F.Supp. 851, 869 (D. Kan. 1993) ("A party is not entitled to partial summary judgment if the judgment would not be dispositive of the claim."); *Kendall McGaw Labs., Inc. v. Cmty. Mem'l Hosp.*, 125 F.R.D. 420, 421 (D.N.J. 1989) (describing as "well settled" the principles that summary judgment could be had as to one claim among many, but not as to one portion of a claim); *Capitol Records, Inc. v. Progress Record Distributing, Inc.*, 106 F.R.D. 25, 28 (N.D. Ill. 1985) (deeming a motion seeking summary judgment "as to less than a single claim" to be improper).

Because Plaintiff's Motion for Summary Judgment seeks judgment in its favor on only a portion of its copyright infringement claim, the Motion is denied.

**B.      Affirmative Defenses**

Plaintiff also moves for summary judgment on most of the affirmative defenses

asserted in Defendants' Answer.[2]  Specifically, Plaintiff moves for summary judgment

on the following: (1) Defendants' second affirmative defense (denial of allegations); (2)

Defendants' third affirmative defense (failure to state a claim); (3) Defendants' fourth

affirmative defense (laches, estoppel, and waiver); (4) Defendants' fifth affirmative

defense (statute of limitations); (5) Defendants' sixth affirmative defense (improper

registration); (6) Defendants' ninth affirmative defense (failure to join); (7) Defendants'

eleventh affirmative defense (third-party liability); (8) Defendants' fourteenth affirmative

defense (willfulness/innocent infringement); (9) Defendants' fifteenth affirmative

defense (Spearin doctrine); (10) Defendants' sixteenth affirmative defense (non-

copyrightable material); (11) Defendants' nineteenth affirmative defense (independent

creation); and (12) Defendants' twentieth affirmative defense (improper registration).[3]

(ECF No. 112 at 7-10; ECF No. 112-1 at 1-20.)  Plaintiff concedes that Defendants'

seventeenth affirmative defense (public domain) raises a question of fact for the jury.

(ECF No. 112-1 at 18.)   In their opposition to the instant Motion, Defendants withdrew

---

[2]  At this stage in the proceedings, the Final Pretrial Order, rather than the Answer, sets forth the claims that are still at issue.  (*See* ECF No. 141 at 15.)  However, this distinction is immaterial for purposes of the instant Motion because, in the Final Pretrial Order, Defendants stated that they will "rely on all of the affirmative defenses not withdrawn or dismissed."  (*Id.* at 4-5.)

[3]  In correspondence between the parties, Defendants withdrew the following defenses: (1) their seventh affirmative defense (set-off); (2) their eighth affirmative defense (failure to mitigate); (3) their tenth affirmative defense (acquiescence); (4) their twelfth affirmative defense (fair use doctrine); (5) their thirteenth affirmative defense (corporate veil); (6) their eighteenth affirmative defense (copyright misuse); and (7) their twenty-first defense (copyright expiration). (ECF No. 112 at 8 n.5.)

their fifteenth affirmative defense—Spearin doctrine.  (ECF No. 118 at 12.)

Plaintiff contends that the Court should grant summary judgment on a number of

the affirmative defenses because they are improperly characterized as affirmative

defenses.  This Court has previously stated:

> An affirmative defense is different from a denial. An
> affirmative defense is a basis for denying liability even if the
> facts of a complaint are true, while a denial simply denies
> the facts of a complaint. *Bobbitt v. Victorian House, Inc.*, 532
> F.Supp. 734, 736 (N.D. Ill. 1982).  A defendant's denial of an
> element of an offense is not properly an affirmative defense
> but a denial. *In re Kmart Corp.*, 318 B.R. 409, 413 (Bkrtcy.
> N.D. Ill. 2004).

*Lifeblood Biomedical, Inc., Opt-In Trust v. Mann (In re Sender)*, 423 F.Supp.2d 1155,

1163 (D. Colo. 2006).

While the Court agrees that a number of Defendants' "affirmative defenses" are

more accurately characterized as denials, the Court does not find it necessary to grant

summary judgment on this basis. *See id.*, 423 F.Supp.2d 1155, 1163 (D. Colo. 2006)

("A defense should not be stricken if there is any real doubt about its validity, and the

benefit of any doubt should be given to the pleader.") (internal quotations and citations

omitted); *Home Design Servs. v. Trumble*, 2011 WL 843900, *3 (D. Colo. March 8,

2011) (denying summary judgment when denials were mislabeled as affirmative

defenses).  While it may not be the most accurate way to present an issue, in the

Court's experience, parties will often label an argument as an affirmative defense to err

on the side of caution so as to be sure it preserves issues that they believe may arise

as the case proceeds.  The Court sees no reason to grant summary judgment on an

issue when the opposing party is not prejudiced by any mislabeling of said issue as an

affirmative defense.  *Id.*  The Court is also disinclined to grant summary judgment on a so-called affirmative defense merely because it is redundant.  *See Trumble*, 2011 WL 843900 at *3 (denying summary judgment on affirmative defenses that were redundant because plaintiff had failed to show any prejudice suffered).

Defendants have conceded a number of their originally pled affirmative defenses.  With respect to those still remaining, the Court finds that there exist genuine issues of material fact that make summary judgment inappropriate.  Viewing the facts in the light most favorable to Defendants, there are genuine issues of fact as to at least the following issues: (1) when Plaintiff knew about the home at the center of this dispute (*see* ECF No. 118-3 at 3); (2) when Plaintiff first published the 2352-2 plans (*see* ECF Nos. 118-2, 118-4, & 118-5); (3) whether the 2352-2 are original so as to warrant copyright protection (ECF No. 118-1 at 3-4); and (4) whether a third-party is partially liable for any infringement (ECF No. 118 at 10-11).

It is black-letter law that the Court must resolve any factual ambiguities against the moving party, thus favoring the right to trial.  *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995).  Defendants having shown material factual disputes as to the affirmative defenses remaining in this case, the Court denies Plaintiff's motion for summary judgment on Defendants' affirmative defenses.[4]

---

[4] The Court takes no position on whether presenting all of these affirmative defenses to a jury is prudent and will leave the decision on how to best defend this action at trial to Defendants' able counsel.  Following the presentation of all of the evidence at trial, the Court will determine which issues have been sufficiently raised so as to warrant inclusion in the jury instructions.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Partial Motion for Summary Judgment (ECF No. 112) is DENIED.  For clarity of the record, only the following affirmative defenses remain pending in this action: (1) denial of allegations; (2) failure to state a claim; (3) laches, estoppel, and waiver; (4) statute of limitations; (5) improper registration; (6) failure to join; (7) third-party liability; (8) willfulness/innocent infringement; (9) noncopyrightable material; (10) public domain; and (11) independent creation.  All other affirmative defenses have been abandoned by Defendants.

Dated this 16th day of February, 2012.

BY THE COURT:

William J. Martínez
United States District Judge